In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00175-CR

                                                ______________________________

 

 

                                    ARTHUR EARL LEWIS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 22334

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Arthur Earl
Lewis appeals from the revocation of his community supervision for the
underlying conviction of driving while intoxicated with a child passenger.  Tex.
Penal Code Ann. § 49.045 (Vernon Supp. 2009).  Lewis’ sentence was enhanced by two prior felonies,
to which he pled “true,” and he was sentenced to eight years’ imprisonment and
a $1,500.00 fine.  He was represented by
appointed counsel at trial and on appeal.

            Lewis’
attorney has filed a brief which discusses the record and reviews the proceedings.  Counsel has thus provided a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  This meets the
requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1981); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Lewis January 6, 2010, informing Lewis of his
right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Lewis has neither filed a pro se
response, nor has he requested an extension of time in which to file such
response.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).  

            We do note,
however, that the trial court’s judgment in this case indicates the degree of
the offense is a second-degree felony. 
The offense is a state-jail felony. 
See Tex. Penal Code Ann. § 49.045.  The punishment range was correctly enhanced
to that of a second-degree felony.  See Tex.
Penal Code Ann. § 12.42(a)(3) (Vernon Supp. 2009).  This Court has the authority to modify the
judgment to make the record speak the truth when the matter has been called to
our attention by any source.  French v. State, 830 S.W.2d 607 (Tex.
Crim. App. 1992).  In Asberry v. State, 813 S.W.2d 526 (Tex.
App.—Dallas 1991, pet. ref’d), the court noted that the authority of the
appellate court to modify incorrect judgments is not dependent on request of
any party; the appellate court may act sua sponte.  Rule 43.2 of the Texas Rules of Appellate
Procedure provides direct authority for this Court to modify the judgment of
the trial court.  Tex. R. App. P. 43.2. 
We modify the judgment to reflect the correct degree of offense as that
of a state-jail felony.

            In a frivolous
appeal situation, we are to determine whether the appeal is without merit and
is frivolous, and if so, the appeal must be dismissed or affirmed.  See
Anders, 386 U.S. 738.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

            As
modified, the judgment of the trial court is affirmed.[1]

 

 

 

 

                                                                                   Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          June
4, 2010    

Date Decided:             June
7, 2010

 

Do Not Publish           

 

 

 

 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of Lewis in this case.  No substitute counsel will be appointed.  Should Lewis wish to seek further review of
this case by the Texas Court of Criminal Appeals, Lewis must either retain an
attorney to file a petition for discretionary review or Lewis must file a pro
se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.